**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

JOHN JOHNS,                         :
                                    :   Civil Action No. 07-5909 (RMB)
            Plaintiff,              :
                                    :
       v.                           :   **OPINION**
                                    :
JUDGE JAMES E. ISMAN,               :
                                    :
            Defendant.              :

**APPEARANCES:**

Plaintiff pro se
John Johns
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**BUMB**, District Judge

   Plaintiff John Johns, a pre-trial detainee confined at Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

   At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he has been confined for more than two and a half years awaiting trial for eight armed robberies. Bail has been set at $700,000. Plaintiff's requests for a bail reduction have been denied. Plaintiff alleges that the conditions under which he is awaiting trial are very stressful and have caused him physical ailments.

Plaintiff asks for monetary compensation for the pain and suffering he allegedly has endured as a result of his pre-trial detention. In addition, he asks this Court to order in-house detention until his trial date. The only named defendant is Judge James E. Isman of the Superior Court of New Jersey, Atlantic County.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C.

§ 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

4

III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

Plaintiff's claims against Judge Isman are barred by the doctrine of judicial immunity.  As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity.  See Mireles v. Waco, 502 U.S. 9, 9 (1991).  Judicial immunity can be overcome only for actions not taken in a judicial capacity, id., or for

actions taken in a complete absence of all jurisdiction, 502 U.S. at 11-12.  Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity.  See Forrester v. White, 484 U.S. 219, 227 (1988).

Judicial immunity also shields judges from suit for injunctive relief.  See 42 U.S.C. § 1983, (state judges) (abrogating in part Pulliam v. Allen, 466 U.S. 522, 541-42 (1984)).

Judge Isman's actions, denying Plaintiff's request for a bail reduction, clearly were taken in his judicial capacity.  Accordingly, the Complaint fails to state a claim against Judge Isman.

In addition, any challenge to Petitioner's present confinement must be brought as a Petition for writ of habeas corpus following exhaustion of state remedies.  See 28 U.S.C. § 2241.  See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973) (habeas action to compel trial); Webb v. Court of Common Pleas of Philadelphia County, 516 F.2d 1034, 1037-39 (3d Cir. 1975); Moore v. DeYoung, 515 F.2d 437, 441-43 (3d Cir. 1975).

This Court expresses no opinion as to the merits of Plaintiff's claims that he has been detained unlawfully or under unconstitutional conditions.

V.  CONCLUSION

For the reasons set forth above, the Complaint must be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), for failure to state a claim and because the action seeks monetary relief from a defendant who is immune from such relief.  An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: February 29, 2008